UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RECEIVED
OCT 26 2015
AT 8:30_____M
WILLIAM T. WALSH
CLERK

STEVEN D. HELLER,

    Plaintiff,

v.

WALKER & DUNLOP, LLC, et al.,

    Defendants.

Civil Action No. 14-7144 (MAS) (DEA)

**MEMORANDUM ORDER**

    This matter comes before the Court on Defendant Walker and Dunlop, LLC's ("Defendant") motion to dismiss Plaintiff Steven Heller's ("Plaintiff") Amended Complaint with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 23.) Defendant argues that Plaintiff's Amended Complaint fails because "Plaintiff is seeking to recover a commission that is barred by the clear and express terms of his Employment Compensation Agreement." (Def.'s Moving Br. 1, ECF No. 23-1.) In response, Plaintiff argues that "discovery in this matter will confirm . . . [that the Employment Compensation Agreement] was intended to memorialize the agreement that Heller would be paid full Commissions on any loan he originated as long as the loan closed, and CW Capital (now W&D) received all of the amounts due and owing to it as a result of the closing of that loan." (Pl.'s Opp'n Br. 2-3, ECF No. 25.)

    In considering a motion to dismiss pursuant to Rule 12(b)(6), courts "must accept all factual allegations as true, construe the complaint in the light most favorable to plaintiff and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). "The defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

As the parties agree, the Employment Compensation Agreement is to be interpreted in accordance with Massachusetts law. "Massachusetts . . . has adopted the position of Restatement (Second) of Contracts § 214 (1981) that evidence of the contract negotiations and the circumstances of its execution are always admissible to show whether the contract was intended by the parties as an integrated (i.e. final) expression of the terms of their agreement or to show the existence of any uncertainties in the contract's application." *Fred S. James & Co. of New England v. Hoffmann*, 507 N.E.2d 269, 271 (Mass. App. Ct. 1987) (citations omitted).

Plaintiff argues that Defendant was not involved with the discussion, negotiation, or agreement of the terms of Plaintiff's employment with CW Capital LLC or with the Employment Compensation Agreement. As such, Plaintiff asserts that Defendant is attempting to misinterpret and misapply the provisions of the agreement in a manner not intended or agreed to by Plaintiff.[1] Here, at least two of the most relevant cases relied upon by Defendant in its motion to dismiss were decided on summary judgment. After careful consideration, the Court finds that Defendant did not meet its burden of demonstrating that no claim has been presented. Rather, based on Massachusetts law, the Court finds that Defendant's motion to dismiss is premature and consideration would be more appropriate on summary judgment after Plaintiff has had the opportunity to take discovery in this matter. Accordingly,

IT IS on this 26th day of October 2015, **ORDERED** that Defendant's motion to dismiss Plaintiff's Amended Complaint (ECF No. 23) is DENIED.

*/s/ Michael A. Shipp*
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[1] CW Capital LLC ("CW Capital"), Plaintiff's employer at the time of contracting, drafted the Employment Compensation Agreement and, on August 3, 2011, Plaintiff signed it. (Am. Compl. ¶¶ 12-13.) Defendant later acquired CW Capital in September 2012, and became bound by the terms and conditions set forth therein. (*Id.* ¶¶ 14-15.)